IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RICHARD OTTO HANSEN,** ) | CASE NO. 8:08CV428 |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM |
| **TIMOTHY SCHMIDT, in his official** ) | AND ORDER |
| **capacity as the County and District** ) | |
| **Attorney of Nuckolls County,** ) | |
| **Nebraska,** ) | |
| ) | |
| **Defendant.** ) | |

Plaintiff filed his Complaint in this matter on September 23, 2008. (Filing No. 1.) Plaintiff has also filed a Motion to Appoint Counsel (Filing No. 4) and a Motion for Service of Process (Filing No. 5), both of which are pending as of the date of this Memorandum and Order. Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

**I.  SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint on September 23, 2008, against Nebraska District Attorney Timothy Schmidt. (Filing No. 1 at CM/ECF p. 1.) Plaintiff currently resides in Superior, Nebraska. (*Id*. at CM/ECF p. 2.)

Condensed and summarized for clarity, Plaintiff alleges Defendant filed charges against him for "failing to register as a sex offender under Neb. Rev. Stat. [§] 29-4003 (1)(a)(vii) . . . ." (*Id*. at CM/ECF p. 3.) Plaintiff alleges this statutory provision is facially unconstitutional. (*Id*.) Plaintiff also states that his public defender refuses to present "this

claim in State of Nebraska v. Richard O. Hansen, case no. CR-08-63 . . . ." (*Id*. at CM/ECF p. 4.)

Plaintiff seeks injunctive relief in the form of a court order that permanently enjoins the "State of Nebraska, its officers, agents, servants, employees, and attorneys, or those persons in active concert or participation with them, from applying Neb. Rev. Stat. [§§] 29-4001 to 29-4013 . . . to Plaintiff . . . ." (*Id*. at CM/ECF p. 12.) In addition, Plaintiff seeks "any other appropriate relief that [he] may be entitled to." (*Id*.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where pro se plaintiffs do not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations

must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted)

### III.   DISCUSSION OF CLAIMS

"Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (citations omitted). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* Where a prosecutor's actions are investigatory or administrative, that individual is entitled only to qualified immunity. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). The focus in determining the nature of the prosecutor's actions is "whether the [prosecutor's] act was closely related to [his] role as advocate for the state." *Id.* at 1267.

Plaintiff alleges that Defendant filed charges against him for "failing to register as a sex offender under Neb. Rev. Stat. [§] 29-4003 (1)(a)(vii) . . . ." (Filing No. 1 at CM/ECF p. 3.) Defendant's act of filing a charges against Plaintiff is a prosecutorial function protected by absolute immunity. *See Schenk*, 461 F.3d at 1046 (holding acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government). Plaintiff does not allege that Defendant's actions were investigatory or administrative. Defendant is therefore entitled to absolute prosecutorial immunity, and the claims against him are dismissed with prejudice.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed with prejudice;

3

2. Plaintiff's Motion to Appoint Counsel (Filing No. 4) and Plaintiff's Motion for Service of Process (Filing No. 5) are denied as moot; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 26th day of November, 2008.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge